DETERMINED IN THE

# THIRD DEPARTMENT

AT

# GENERAL TERM,

## September, 1895.

The First National Bank of Amsterdam, Respondent, *v.* Eliza-beth N. Shuler, Appellant, Impleaded with Others.

*Creditor's action — lien acquired by the commencement thereof— death of a party to an action before trial — when the application of his executrix after the trial to be made a party defendant, will be denied.*

By the commencement of an action in the nature of a creditor's bill a lien is acquired upon all the choses in action and equitable assets of the judgment debtor, and, also, upon all his tangible assets. As to the intangible assets, since they can only be reached in equity, the first in diligence is first in lien. As to the tangible assets the law affords the creditor a remedy by execution which equity does not supersede or exclude, which, if resorted to before the receiver is appointed, is entitled to the preference.

An action was brought by a judgment creditor of one Isaac C. Shuler to set aside certain conveyances made by the said Isaac C. Shuler to Mary A. Booth and Elizabeth N. Shuler, and also to set aside a general assignment for the benefit of creditors made by the said Isaac C. Shuler to Hicks B. Waldron; to which action the said Isaac C. Shuler, Elizabeth N. Shuler, Mary A. Booth and Hicks B. Waldron, as assignee for the benefit of creditors of Isaac C. Shuler, were made parties defendant.

The defendants, Isaac C. Shuler and Elizabeth N. Shuler, answered in the action. After issue was joined and before the trial of the action, Isaac C. Shuler died, leaving a last will and testament, wherein he named Elizabeth N. Shuler as sole executrix, and made her the sole devisee and legatee of all of his estate.

After the death of Isaac C. Shuler and the probate of his will, the plaintiff obtained an order from the court, upon notice to all the surviving defendants, granting leave to serve a supplemental complaint. The supplemental complaint, in addition to the allegations of the original complaint, alleged the death of Isaac C. Shuler, the execution and probate of his will, and the appointment and qualification of Elizabeth N. Shuler as sole executrix. No issue was taken by the defendants upon these allegations of the supplemental complaint.

The cause was tried before a referee, who reported in favor of the plaintiff, setting aside several of the conveyances and assignments, and the final assignment for the benefit of creditors, as fraudulent and void. Application was made by the plaintiff to the Special Term for confirmation of the referee's report, and an interlocutory judgment was granted, which appointed a referee to take and state the accounts of the assignee for the benefit of creditors of Isaac C. Shuler and also of Elizabeth N. Shuler for any property in their or either of their hands belonging to the estate of the deceased, and appointed a receiver of the property and effects of Isaac C. Shuler, deceased.

On the hearing before the referee appointed by the interlocutory judgment, Elizabeth N. Shuler appeared by counsel, and the referee, after hearing counsel, made his report, and upon the application made by the plaintiff to the Special Term for confirmation thereof, and for final judgment, Elizabeth N. Shuler gave notice of a motion to be made by her, which, among other things, stated that she would move for an order that she, as executrix of the last will and testament of Isaac C. Shuler, deceased, be made a party defendant in the action. This motion was denied and final judgment was ordered to be entered.

Upon an appeal from the order denying such motion,

*Held,* that it was clearly right to deny the application of Elizabeth N. Shuler to be made a party defendant as such executrix; that she was properly before the court in her representative capacity after the filing of the supplemental complaint; that after the service of the supplemental complaint upon her, if she had so desired, she could have interposed an answer in her representative capacity without any further leave of the court; that she was, for all beneficial purposes of her defense, before the court as such executrix, and was entitled to be heard in that capacity in the action;

That there could be no good reason for allowing her, after the case had been finally disposed of, to present new issues and render the work already accomplished in the case entirely nugatory;

That the plaintiff, by commencing the action, obtained a lien upon the assets of Isaac C. Shuler which survived his death although the receiver was not appointed until after his death;

That as Isaac C. Shuler had made a general assignment of his assets, good as against himself, though bad as against the plaintiff, they did not pass under his will to his executrix.

APPEAL by the defendant, Elizabeth N. Shuler, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Montgomery on the 22d day of October, 1894, upon the report of a referee, with notice of an intention to bring up for review upon such appeal the interlocutory judgment in this action entered in the office of the clerk of the county of Montgomery on the 18th day of December, 1893.

Also an appeal by Elizabeth N. Shuler, individually, and as executrix of the last will and testament of Isaac C. Shuler, deceased,

from an order of the Supreme Court, made at the Montgomery Special Term and entered in the office of the clerk of the county of Montgomery on the 22d day of October, 1894, which denied the motion of the defendant to correct the interlocutory judgment entered herein, and to be made a party defendant as executrix of Isaac C. Shuler, deceased.

*Matthew Hale*, for the appellant.

*Z. S. Westbrook*, for the respondent.

MAYHAM, P. J. :

This appeal arises out of the following facts :

The plaintiff in this action, being a judgment creditor of Isaac C. Shuler in his lifetime, commenced a creditor's action to set aside certain conveyances and assignments made by said Shuler to Mary A. Booth and Elizabeth N. Shuler, and a general assignment for the benefit of creditors made by the judgment debtor to Hicks B. Waldron, all of whom were made defendants in this action.

The defendants, Isaac C. Shuler and Elizabeth N. Shuler, answered in the action, taking issue upon the allegations of the complaint therein. After the issue was joined and before the trial of the action, Isaac C. Shuler died, leaving a last will and testament wherein he named Elizabeth N. Shuler as sole executrix, and made her the sole devisee and legatee of all of his estate, real and personal ; whereupon, the plaintiff obtained an order of the court for leave to file and serve a supplemental complaint. That complaint, in addition to the allegations of the original complaint, alleged the death of Isaac C. Shuler ; the execution and probate of his will and the appointment and qualification of Elizabeth N. Shuler as sole executrix of that will. That motion was made and the relief granted upon notice to all the surviving defendants in the action. No issue was taken by the defendants upon these allegations of the supplemental complaint, and the same were, therefore, admitted.

The cause was tried before Hon. Charles R. Ingalls, as sole referee, who, after hearing the case, made his report, wherein, among other things, he found and adjudged several of the conveyances and assignments made by Isaac C. Shuler, and his final assignment for the benefit of creditors, to be fraudulent and void, and directed judg-

ment setting aside such conveyances and assignments, and adjudging them to be void as against the plaintiff as judgment creditor.

To some portions of the findings of fact and conclusions of law in the report of the referee, the defendant Elizabeth N. Shuler, by her counsel, excepted.

Upon this report an interlocutory judgment was entered, which directed a receivership of the estate of Isaac C. Shuler and appointed Alonzo P. Strong a referee therein, to take and state the accounts of the assignee of Isaac C. Shuler and of the defendant Elizabeth N. Shuler.

On the hearing before the said referee, in taking the account directed by said interlocutory judgment, the appellant, Elizabeth N. Shuler, appeared by counsel, as did the plaintiff, and the referee, after hearing counsel, made his report, wherein he followed the directions of the report of the referee made in the trial, and fixed and adjudged the amount and kind of property found by him in the possession of the assignee for the benefit of creditors, and also of that in the hands of Elizabeth N. Shuler, belonging to the estate of the deceased.

Upon the filing of the report, an application was made by the plaintiff to the Special Term for the confirmation of the same, and for judgment upon the report in favor of the plaintiff. Upon notice of such application, Elizabeth N. Shuler, by her attorneys, gave notice of a motion to correct and modify " the interlocutory judgment herein and the report of the said Charles R. Ingalls, referee," and also for an order that she, as executrix of the last will and testament of Isaac C. Shuler, be made a defendant in the action.

The motion for confirmation and judgment and the motion made by the defendant Elizabeth N. Shuler to modify and correct the report and to be made a party defendant, were all ordered to be heard before Mr. Justice LANDON, at Special Term, who subsequently heard the applications on behalf of the plaintiff and the defendant Elizabeth N. Shuler, whereupon, he denied the motion of Elizabeth N. Shuler to modify and correct the report and to be made a party, with costs, and granted the motion of the plaintiff for final judgment.

From the order denying the motion to correct the referee's report and the interlocutory judgment entered thereon, as well as from the final judgment entered in the action, the defendant Elizabeth N.

Shuler appeals to this court, with notice of · an intention to bring up for review the said interlocutory judgment.

We think the learned trial judge at Special Term was clearly right in denying the application of Elizabeth N. Shuler to be brought in as executrix. Within the authorities referred to by him, she was properly before the court in her representative capacity after the filing of the supplemental complaint. There can be but little doubt but that if she had so desired she could, after the service of the supplemental complaint upon her, have interposed an answer in her representative capacity, without any further leave of the court to do so. She was, therefore, for all the beneficial purposes of her defense, before the court as executrix, and entitled to be heard in that capacity in this action. That being so, there could be no good reason for allowing her, after the case had been finally disposed of, to present new issues and render the work already accomplished in the case, perhaps entirely nugatory.

The order, so far at least as it refuses her application to be made defendant, should be affirmed, with costs.

We have also carefully examined the various questions raised by the learned counsel for the appellant, in reference to a modification of the interlocutory judgment, as asked for by them, as well as their application on the whole case, for a reversal or modification of the decree entered therein, and are of opinion that the same should be affirmed upon the opinion rendered by the judge at Special Term.

Most, if not all, of the questions raised by the learned counsel on this appeal were clearly and succinctly examined and passed upon in the opinion handed down by the Special Term judge.

We think the interlocutory and final judgment should be affirmed upon that opinion.

PUTNAM and HERRICK, JJ., concurred.

Judgment and order affirmed, with costs.

The opinion of the Special Term was as follows:

LANDON, J.:

The objection that the defendant, Elizabeth N. Shuler, as executrix, was not named as a party defendant in the supplemental complaint, is not a substantial or fatal objection. She was a party

defendant in the original action, and after the death of her husband, also a defendant in that action, and her qualification as the executrix under his will, an order was made pursuant to which a supplemental complaint was served, reciting such death and her qualification as executrix. The supplemental complaint is ample to charge her as executrix. (*Patterson* v. *Copeland,* 52 How. Pr. 460; *Beers* v. *Shannon,* 73 N. Y. 292; *Stilwell* v. *Carpenter,* 2 Abb. N. C. 238; S. C., 62 N. Y. 639.)

In the original complaint Mrs. Shuler was charged in her individual capacity. The function of the supplemental complaint was to charge her as executrix of her husband as well as individually.

The plaintiff, by commencing this action, obtained a lien upon the assets of the original defendant Isaac C. Shuler, which survived his death, though the receiver was not appointed until after his death. (*Brown* v. *Nichols,* 42 N. Y. 26.)

It is urged in behalf of Mrs. Shuler that this lien only applied to intangible and equitable assets not subject to levy upon execution, and that as to tangible assets subject to levy the lien did not attach, and, therefore, upon the death of Mr. Shuler they passed to her as his executrix.

As Mr. Shuler had made a general assignment of his assets, good against himself, though bad against the plaintiff, they did not pass under his will to his executrix. Clearly, if the lien of the plaintiff was good against Shuler himself, his executrix, who stands in his shoes, has no better right.

The cases cited to support the proposition that the lien acquired by the commencement of an action in the nature of a creditor's bill, does not attach to tangible assets, subject to levy, are to the effect that such lien, before the actual appointment of a receiver, does not prejudice the lien of the levy under an execution of another judgment creditor. (*Davenport* v. *Kelly,* 42 N. Y. 193.) Something more than a *lis pendens* is required to prejudice such a levy. (*Becker* v. *Torrance,* 31 N. Y. 631.) *Albany City Bank* v. *Schermerhorn* (Clarke, 303) was a contest between receiver and the sheriff who made his levy after the actual appointment of the receiver.

*Kitchen* v. *Lowery* (127 N. Y. 53) was between a judgment creditor who did not commence his action to set aside an unfiled chattel

mortgage until after the mortgagor had made a general assignment and the mortgagee had sold the chattels and realized his money upon them.  The mortgage was held to be good between mortgagor and mortgagee, though not filed, and the judgment creditor was beaten because the mortgagor had assigned his interest and the mortgagee realized upon his lien before the judgment creditor attacked it.  There are expressions in the opinion that seem to support Mrs. Shuler's contention.  They are probably true as applicable to the facts there presented, but not true if sought to be extended to Mrs. Shuler's position.

I think the rule is that by the commencement of an action in the nature of a creditor's bill, a lien is acquired upon all the choses in action and equitable assets of the judgment debtor, and also an inchoate lien upon all his tangible assets; that, as to the intangible assets, since they can only be reached in equity, the first in diligence is first in lien ; and, as to the tangible assets, the law affords the creditor a remedy by execution which the commencement of an action in equity does not supersede or exclude, and which, if resorted to before a receiver is appointed, takes the preference.  It is probably true that a chattel mortgage sale, or any other honest transfer of the tangible property, before the commencement of the creditor's action, will be upheld.  The cases are contests between creditors in which an actual lien or title, accompanied with possession of the property or the right to it, is better than the attempt to perfect it by resort to equity.

I notice the remark of Mr. Justice GILBERT in *Smith* v. *Edwards* (23 Hun, 229), to the effect that Judge GROVER's remarks in his dissenting opinion in *Brown* v. *Nichols* (42 N. Y. 42), have not the force of authority.  But Judge GROVER's opinion consists of two parts, one in which he dissented from the majority, and the other in which he agreed with them, and the remarks referred to are in the second part of his opinion.  I think Judge GROVER in these remarks was right, and I do not see that they did not receive the approval of the majority.

The motion of Mrs. Shuler is denied, and the referee's report confirmed, except as modified, as to the value of a horse charged to Mrs. Shuler, seventy-five dollars and interest, and final judgment directed for plaintiff.